UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LYNDA M. JRAB,

 Plaintiffs,

v.

NATIONAL CREDIT ADJUSTERS, LLC,

 Defendant.

Case No. 1:20-cv-07167

## COMPLAINT

**NOW COMES** Plaintiff, LYNDA M. JRAB, through undersigned counsel, complaining of Defendant, NATIONAL CREDIT ADJUSTERS, LLC, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. LYNDA M. JRAB (the "Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 718 North Briar Hill Lane, Apartment 1, Addison, Illinois 60101.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. NATIONAL CREDIT ADJUSTERS, LLC (the "Defendant") is a limited liability company organized and existing under the laws of the state of Kansas.

7.  Defendant maintains a principal place of business at 327 West 4th Avenue, Hutchinson, Kansas 67501.

8.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9.  Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff applied for a credit card with Continental Finance Company.

11. Upon approval, Continental Finance Company issued Plaintiff a Build Mastercard® bearing an account number ending in 8872.

12. Plaintiff activated this card and began using her card for personal and household purchases.

13. Over time, Plaintiff made $829.13 in charges to this card.

14. Plaintiff's $829.13 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. However, Plaintiff's financial situation changed, Plaintiff defaulted on payments, and Plaintiff's $829.13 balance was charged-off and assigned, sold, or transferred to Defendant for collection.

---

[1] Since 2001, National Credit Adjusters has specialized in facilitating the resolution of delinquent account receivables. We bring integrity and the highest standards of compliance to debt servicing. https://ncaks.com/ (last accessed December 3, 2020).

16. Defendant mailed Plaintiff a letter, dated November 5, 2020 (the "Letter"), which stated:

| NCA Acct. # | 15382662 |
|---|---|
| Original Creditor: | Build Mastercard |
| Current Creditor: | National Credit Adjusters, LLC |
| Original Acct. #: | XXXXXXXXXXXX8872 |
| Current Balance: | $829.13 |

Dear LYNDA M JRAB,

This letter is to confirm that you and National Credit Adjusters were not able to agree to a payment arrangement on the account referenced above during our most recent communication. If for any reason there is a misunderstanding, and it is your wish to resolve the delinquency through means satisfactory to both parties, please contact National Credit Adjusters at 1-877-824-9372 and an NCA account manager will assist you.

If you wish to resolve this account without speaking to an NCA account manager, please go online to www.NCAKS.com/Pay and enter your NCA account number (15382662) along with your five digit zip code printed on this letter. This online service is available 24 hours a day.

If you have secured prior arrangements with NCA before receipt of this letter, and the arrangements are still active, please disregard this notice.

Sincerely,

National Credit Adjusters

17. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

18. The twist? Plaintiff *did not* discuss payment arrangements with Defendant.

19. Further, the Letter misidentified the original creditor (Build Mastercard as opposed to Continental Finance Company).

## **DAMAGES**

20. The FDCPA seeks to protect debtors from "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

21. Confusion and delay in trying to contact the proper party concerning payment on the debt is precisely the kind of infringement of the consumer's best interests that the FDCPA seeks to combat.

22. By ensuring that consumers are fully and truthfully apprised of the facts and of their rights, the FDCPA enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently.

23. Defendant's false representations would likely mislead consumers in a manner that deprives them of their right to enjoy these benefits

24. Concerned with having had her rights violated, Plaintiff sought counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

### CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

25. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation of 15 U.S.C. § 1692e

26. Section 1692e provides:

    A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

    (2) The false representation of –

        (A) the character, amount, or legal status of any debt.

    (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

27. Plaintiff ***did not*** discuss payment arrangements with Defendant. Accordingly, Defendant violated 15 U.S.C. § 1692e(10) by referencing discussions that did not go on.

28. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and e(10 by falsely representing the original creditor (Build Mastercard as opposed to Continental Finance Company).

29. As stated, the Letter's false representations frustrated Plaintiff's ability to intelligently choose her response.

30. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692e(2)(A), e(10) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. find that Defendant violated 15 U.S.C. §§ 1692e(2)(A), e(10);

B. award any actual damage sustained by Plaintiff as a result of Defendant's violation(s) pursuant to 15 U.S.C. § 1692k(a)(1);

C. award such additional damages, as the Court may allow, but not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D. award costs of this action including expenses together with reasonable attorneys' fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E. award such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: December 3, 2020  Respectfully submitted,

**LYNDA M. JRAB**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com